# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brookyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

Leonard F. Joy
*Executive Director and*
*Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

November 2, 2009

The Honorable Frederic Block
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *United States v. Jose Ferreira*, **08 CR 323 (FB)**

Dear Judge Block:

What is the appropriate sentence for a 40 year old army veteran struggling to provide financial support for his children but convicted of the serious crime of accepting bribes to smuggle luxuries to federal detainees?

Mr. Jose Ferreira pleaded guilty to accepting bribes and is scheduled to be sentenced by this Court on Friday, November 6, 2009 at 3:30 p.m. Mr. Ferreira does not object to the guideline range found in the PSR–a final offense level of 15 and an 18-24 month sentence range. However, he agrees with probation's finding that a downward departure is appropriate because his status as a prior employee of the BOP makes him extremely vulnerable to abuse in prison. A sentence well below the guideline minimum of 18 months is also appropriate pursuant to 18 U.S.C. § 3553(a).

## Objection

Mr. Ferreira objects to ¶¶ 12 and 73 of the presentence investigation report (PSR). These paragraphs contain allegations that Mr. Ferreira had sex with an inmate while he was employed by the BOP. While Mr. Ferreira was charged with this conduct in the instant indictment, he did not plead guilty to that count and the government has agreed to dismiss the count at sentencing. The government has provided no evidence supporting the allegation and the PSR supports the allegation only by referring to the statements of the investigating agent. (PSR ¶ 12). The alleged misconduct does not affect the guideline range, but it would be inappropriate for the Court to base it's sentence, even in part, on unsubstantiated allegations. Thus PSR ¶¶ 12 and 73 should be stricken from the PSR.

## Departure

A departure is warranted because Mr. Ferreira is especially vulnerable to abuse in prison. This Court has the discretion to depart where the defendant's status as a law enforcement officer makes him "unusually susceptible to prison abuse." *See Koon v. United States*, 518 U.S. 81, 112 (1986), *United States v. Volpe*, 78 F.Supp. 2d 76, 88-89 (E.D.N.Y. 1999). While Mr. Ferreira has not received the national media attention that the defendants in *Koon* and *Volpe* received, the fact that he was an employee of the BOP for 5 years at a pre-trial holding facility ensures that his status as an ex-prison guard will be known throughout the BOP's institutions. There is every reason to believe that Mr. Ferreira will be recognized as a former BOP guard by any inmate he had contact with during his employment with the BOP. This situation ensures that Mr. Ferreira will be extremely vulnerable in prison, and a term of incarceration will be extremely harsh for him. He will either be subject to mistreatment by other inmates because of his prior profession or will be segregated in what is close to solitary confinement. A downward departure to a non-incarceratory sentence is therefore appropriate.

## 18 U.S.C. § 3553(a)

A sentencing court "shall impose a sentence sufficient, but *not greater than necessary*" to fulfill four objectives: retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2); *See United States v. Booker*, 125 S.Ct. 738 (2005) (holding that the Sixth Amendment right to a jury trial was infringed by the mandatory nature of the Sentencing Guidelines, rendering the Guidelines advisory). When deciding on an appropriate sentence the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(2).

Mr. Ferreira is 40 years old and has no criminal record. He graduated from Freeport high school in 1987 and immediately enlisted in the United States Army. He completed his commitment to the military after two years and was honorably discharged. Right after his discharge, Mr. Ferreira worked at several minimum wage jobs until he got a job as a driver for Airborne Express in 1992. From that time on, Mr. Ferreira steadily worked his way into better paying jobs until his arrest for this case. Though he now works at a deli, he earns only $8.75 an hour, which is substantially less than the $53,000 he earned working for the BOP.

Mr. Ferreira is the father of four children, ages 19, 16, 11, and 10. Though none of the children now live with him, he is close to all of them and speaks to each several times a week. Until his arrest in the instant matter, Mr. Ferreira provided financial support to all of his children, paying over $300 per month for his son and over $1200 per month for the support of his three daughters. It is notable that both his son's mother, Ms. Hamilton, and his estranged wife, Ms. Mendez each describe Mr. Ferreira as an excellent father, even though he has been unable to keep up with his financial contributions since his arrest. They are both also supportive of Mr.

Ferreira as he approaches sentencing.

Mr. Ferreira's financial support for his children is relevant not only to his motivation for committing the offense, but is also relevant to what an appropriate sentence would be. Obviously, Mr. Ferreira had a financial motive to accept the bribes that are the bases of this offense. It was not a situation, however, where he used this money to live a lavish lifestyle. As he was paying more than $1500 a month in after-tax income to support his children, Mr. Ferreira had little left over to pay for his own necessities. He found himself in financial distress and foolishly resorted to criminal conduct in an attempt to dig himself out. Of course, even the most severe economic hardship would not excuse Mr. Ferreira's acceptance of bribes, but it should be noted that he was not committing crimes to finance a luxurious life for himself.

Since his arrest, Mr. Ferreira has been in employment limbo. He has worked for the last year as a counterman at a deli, earning less than $9 an hour. This wage is insufficient to provide for himself and his children and Mr. Ferreira is $30,000 behind on his child support payments. As a result, his daughters in Puerto Rico have gone without power and running water for a year. Despite this conviction, Mr. Ferreira has been offered a chance to re-enlist in the military once he has finished with this case. He intends to enlist because he enjoyed life in the army and in hopes that his salary can go primarily to support his children. Obviously, he cannot join the military until he has finished any incarceration. Just as obviously, his children will continue to suffer financial deprivation until Mr. Ferreira is able to begin earning the larger salary which would accompany military service. This financial hardship for Mr. Ferreira's children is one reason to impose a sentence well below the guideline minimum.

Mr. Ferreira, who has never before been convicted of a crime, accepted bribes because he was facing enormous economic problems. Until that point he had lived a responsible, law-abiding life, working steadily and using his earnings to support his children. His children will suffer financial hardship until this case and any sentence of incarceration is completed and he can enlist in the military and begin providing for his family again. Any prison term served by Mr. Ferreira will be harsher than usual because of his past position as a prison guard for the BOP. Considering Mr. Ferreira's lifetime of responsible conduct, his motive for committing the crime, the hardship a lengthy prison term will impose on Mr. Ferreira and his children, a sentence well below the guideline minimum is appropriate.

Thank you for your attention to this matter.

Respectfully submitted,


Michael K. Schneider, Esq.
(718) 330-1161


cc:  Clerk of the Court (by ECF)
Mr. Michael L. Yaeger, Assistant U.S. Attorney
Ms. Patricia A. Sullivan, United States Probation Officer
Mr. Jose Ferreira